## *In re* SMITH. ·

CERTIORARI—PROPRIETY—CONTEMPT—MOTION TO QUASH—DENIAL.
　　Certiorari does not lie to review the denial of a motion to
　　quash contempt proceedings, either by virtue of the statute
　　(Act No. 310, Pub. Acts 1905), or under the common law to
　　determine the question of jurisdiction.

Certiorari by C. Newton Smith to review an order deny-
ing a motion to quash contempt proceedings: On motion to
dismiss the writ. Submitted April 20, 1906. (Docket
No. 127.) Motion granted April 30, 1906.

*Frank A. Miller*, Prosecuting Attorney, for the mo-
tion.

*Allen B. Morse*, amicus curiæ.

*V. H. & L. W. Smith*, contra.

PER CURIAM. Motion to dismiss writ of certiorari.
These proceedings for contempt were commenced in
the circuit court for Montcalm county, October 3, 1905.
An order for an attachment was entered, based upon two
affidavits filed in said matter. The attachment issued
forthwith, requiring respondent to be produced before the
court on the following day to answer to an alleged con-
tempt of court relative to writing, printing, and publish-
ing certain false and scandalous reports of and concern-
ing Hon. Frank D. M. Davis, judge of said court, and
Hon. Willis Perkins, judge of Kent county circuit court,
relating to certain rulings, judgments, and actions of said
circuit judges in certain causes then pending in said court.
On October 4th Smith was brought before the court and
an order entered that he cause his answer to be filed to the
complaint against him on or before October 7th following.
He was enlarged upon bail in the sum of $300 pending

such proceedings. On October 7th an application for further time was requested by his attorney, and an order entered granting such request extending the time until October 11th. On this date respondent appeared specially by his attorneys and moved the court to quash the proceedings for want of jurisdiction, alleging many reasons therefor. This motion came on to be heard before Hon. Peter F. Dodds, circuit judge of the twenty-first judicial circuit, presiding, and after argument was denied. Thereupon the proceedings were removed to this court by writ of certiorari.

This is a motion to dismiss said writ for the reasons that Act No. 310 of the Public Acts of 1905 does not apply to contempt proceedings, and that this court has held that it would not interrupt contempt proceedings to review jurisdictional questions by certiorari. This act provides:

" Whenever in any action at law in a circuit court, a motion to quash the writ or declaration upon jurisdictional grounds, or the issues raised on a demurrer, plea to the jurisdiction or other dilatory plea shall be decided adversely to the party filing such motion, demurrer or plea, the dicision may be reviewed by writ of certiorari forthwith."

The question is whether contempt proceedings are, within the meaning of the statute, an action at law. The statute says that, "whenever a motion to quash the writ or declaration upon jurisdictional grounds * * * shall be decided adversely," indicating by coupling the words " writ or declaration " an ordinary action at law between parties litigant commenced by the usual writ or declaration. Proceedings for contempt are not the usual proceedings contemplated and understood when speaking of actions commenced by writ or declaration. They are special summary proceedings. " Criminal contempts are acts against the majesty of the law, or the court as an agency of the government." 3 Current Law, p. 796. The proceeding to punish for a criminal contempt is a proceeding entirely independent and distinct from the suit in

which the contempt is committed.  *State* v. *Shepherd*, 177 Mo. 205.   Where the criminal contempt is direct—i. e., within the presence of the court or so near as to interrupt its proceedings—the court of its own motion acts summarily in its punishment.   If constructive, the court, upon petition or affidavits presented, by warrant or attachment brings the offending party before it, to answer the charges preferred against him.   It is clear to us that proceedings of this nature are not actions at law within the reasonable construction of the statute above quoted.

It is urged in respondent's brief that, if the case is not within the statute, the writ should be granted to determine the jurisdictional question.   The latest holding of this court, before the enactment of this law, is against the contention.   In *Toepel* v. *Wayne Circuit Judge*, 138 Mich. 302, following former decisions of this court, it was said that certiorari was not the proper remedy to review a motion to quash contempt proceedings prior to the final determination in the circuit court.   A party conceiving himself aggrieved has ample opportunity to review such proceedings after the circuit court has heard the case.

The motion is granted, and the writ dismissed, with costs.